## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER STUART,
        Appellant,

       v.

DEPARTMENT OF HOMELAND
  SECURITY,
        Agency.

DOCKET NUMBER
PH-0841-16-0442-I-1

DATE: July 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Stuart</u>, Charles Town, West Virginia, pro se.

<u>Joanne M. Halley</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's decision finding that he is ineligible for enhanced Customs Border Protection Officer (CBPO) retirement benefits. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a GS-0895-15 Supervisory CBPO (Program Manager) with the agency's U.S. Customs and Border Protection (CBP).  Initial Appeal File (IAF), Tab 5 at 21.  From January 30, 2000, to July 24, 2004, the appellant worked as a Customs Inspector with the U.S. Customs Service, a position in the GS-1890 job series.  IAF, Tab 12 at 44-46.  On July 25, 2004, he was reassigned to a CBPO position with CBP, and he has held several CBPO and Supervisory CBPO positions since then.  *Id.* at 12-44.

¶3 By letter dated October 26, 2015, a Supervisory Human Resources Specialist (HRS) with CBP's Minnesota Hiring Center notified the appellant that his personnel records had been incorrectly coded since April 1, 2007, to indicate he had law enforcement officer (LEO) retirement coverage or enhanced CBPO retirement coverage when, in fact, he was covered under the Federal Employees' Retirement System.  IAF, Tab 5 at 37-38.  The HRS informed the appellant that the Hiring Center had adjusted his records to correct the error effective July 12,

2015. *Id.* The appellant filed an administrative grievance with the agency, seeking enhanced CBPO retirement benefits. *Id.* at 25-36. The agency issued a decision denying the appellant's request. *Id.* at 13-20.

¶4      The appellant filed a Board appeal challenging the agency's decision. IAF, Tab 1. The administrative judge issued an initial decision that affirmed the agency's decision, finding that the appellant failed to show that he is entitled to enhanced CBPO retirement benefits. IAF, Tab 21, Initial Decision (ID) at 6.[2] The appellant has filed a petition for review of the initial decision and the agency has filed a response in opposition to the petition. Petition for Review (PFR) File, Tabs 1, 3.[3]

---

[2] On the first page of the initial decision, the administrative judge mistakenly states that the appellant is seeking law enforcement retirement service credit, rather than enhanced CBPO retirement benefits, and that she is affirming the agency's decision to deny the appellant such credit. ID at 1. These errors provide no basis to reverse the initial decision, however, as the rest of the decision shows that the administrative judge properly considered the appellant's eligibility for enhanced CBPO retirement benefits and affirmed the agency's decision finding the appellant ineligible for those benefits. ID at 2-6; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).

[3] With his petition for review, the appellant submits two Standard Form (SF) 50s dated June 17, 2012. PFR File, Tab 1 at 9-10. These documents are already part of the record below and thus are not new. *Compare id.*, *with* IAF, Tab 12 at 18, 20. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already part of the record is not new). Therefore, the Board need not consider these documents. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

On review, the appellant also asks the Board to consider the two personnel actions that were documented in these SF-50s, but were not included in the list of his positions set forth in the initial decision: his appointment to a GS-12 Supervisory CBPO (Enforcement) position and his promotion to a GS-13 Supervisory CBPO (CDI). PFR File, Tab 1 at 6-7; ID at 2-3. We have considered these personnel actions and find that they provide no basis for disturbing the initial decision.

**ANALYSIS**

¶5    Federal civil service retirement laws provide enhanced retirement coverage to persons who serve in physically rigorous positions, such as LEOs and firefighters.  Section 535 of the Consolidated Appropriations Act of 2008 (CAA), Pub. L. No. 110-161, div. E, title V, § 535(b)(1)(C), 121 Stat. 1844, 2076 (2007) (codified at 5 U.S.C. § 8401(36)) extends these benefits to CBPOs.  Because enhanced benefits are more costly and may result in the untimely retirement of valuable employees, the eligibility rules governing coverage for the benefits are strictly construed.  *See Kroll v. Department of Homeland Security*, 121 M.S.P.R. 526, ¶ 6 (2014).  An employee seeking enhanced retirement benefits bears the burden of proving his entitlement thereto by preponderant evidence.  *Id.* (citing *Olszak v. Department of Homeland Security*, 117 M.S.P.R. 75, ¶ 5 (2011), *aff'd per curiam*, 475 F. App'x 757 (Fed. Cir. 2012)).

¶6    An employee's service in both "primary" and "secondary" positions may count toward his eligibility for enhanced CBPO retirement coverage.  5 C.F.R. §§ 842.1002, 842.1003.  Under the eligibility rules, a primary covered position is a position in the CBPO (GS-1895) job series or any successor position, the duties of which include activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry.[4]   5 U.S.C. § 8401(36); *see*

---

[4] For periods of service before September 1, 2007, Office of Personnel Management regulations define a primary covered position as:

    (i) A position whose duties included the performance of work directly connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry that was classified within the Immigration Inspector Series (GS-1816), Customs Inspector Series (GS-1890), Canine Enforcement Officer Series (GS-1801), or any other series which the agency head determines were predecessor series to the Customs and Border Protection Series (GS-1895), and that would have been classified under the GS-1895 series had it then existed; and

    (ii) A position within the Customs and Border Protection Series (GS-1895) whose duties included the performance of work directly

5 C.F.R. § 842.1002. A secondary covered position is a position in the Department of Homeland Security that is either supervisory or administrative. 5 C.F.R. § 842.1002.

¶7 To be eligible for enhanced CBPO retirement coverage, an employee must occupy a primary covered position, or have transferred directly to a secondary covered position with the agency without a break in service of more than 3 days, after occupying a primary covered position for at least 3 years. *See* 5 U.S.C. § 8401(36). Thus, employees occupying secondary covered positions are only eligible for enhanced CBPO retirement coverage if they transferred directly (without a break in service of more than 3 days) from a primary covered position and completed 3 years of service in a primary position. 5 C.F.R. § 842.1003(b)(1)-(2).

¶8 The appellant served in CBPO primary covered positions from January 30, 2000, until July 22, 2006, and from April 1, 2007, until March 29, 2008. IAF, Tab 12 at 40-46. On March 30, 2008, the appellant transferred to a position that was eligible for law enforcement officer (LEO) special retirement coverage as a secondary position, not enhanced CBPO retirement coverage. *Id.* at 38-39. He transferred from that position to a CBPO secondary covered position on September 14, 2008, and has held various CBPO secondary covered positions since then, including his current position. *Id.* at 12-37.

¶9 Based on the eligibility rules set forth above, the administrative judge found that, although it is undisputed that the appellant had the requisite amount of primary covered service, he is ineligible for enhanced CBPO retirement coverage because he did not transfer directly from a CBPO primary covered position to a CBPO secondary covered position as required by statute. ID at 4-5. The

---

connected with activities relating to the arrival and departure of persons, conveyances, and merchandise at ports of entry.

5 C.F.R. § 842.1003(c)(1).

administrative judge considered the appellant's argument that denying him CBPO retirement coverage is unjust, given all of the positions he has held that offer enhanced retirement benefits and the agency's error in placing him in the wrong retirement system until 2015. ID at 5. The administrative judge explained that, although she understood the appellant's frustration, neither the agency nor the Board can provide benefits when an appellant is not statutorily entitled to them. *Id.* The administrative judge added that, because the appellant is not statutorily entitled to CBPO enhanced retirement benefits, she could not provide an equitable remedy, as the Government cannot be estopped from denying benefits when the individual does not meet the statutory requirements for that benefit. ID at 6 (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990)).

¶10    On review, the appellant reiterates his assertion that he accepted the Supervisory CBPO (Enforcement) position—i.e., the LEO secondary covered position that he occupied from March 30 through September 13, 2008—because the vacancy announcement for the position stated that the selectee would serve as a secondary LEO, thereby clearly indicating that he would be eligible for LEO retirement coverage upon acceptance of the position. PFR File, Tab 1 at 5; IAF, Tab 17 at 6-7, 17. He contends that he should be allowed to revoke his acceptance of the LEO secondary covered position because he would not have accepted the position if it did not include special retirement coverage. PFR File, Tab 1 at 5.

¶11    This argument is unavailing. As the administrative judge explained in the initial decision, serving in a position does not mean that an employee will eventually receive the type of retirement associated with the position. ID at 5. Thus, it was not reasonable for the appellant to assume that he would be eligible for LEO special retirement coverage upon accepting the Supervisory CBPO (Enforcement) position. Moreover, LEO and CBPO service are not interchangeable and service under one enhanced retirement system is not

creditable under the other system. IAF, Tab 17 at 13 (division E, title V, § 535(e)(5) of the CAA).

¶12 We also find unpersuasive the appellant's argument on review that he is entitled to enhanced CBPO retirement benefits because the agency stated in its January 17, 2014 letter notifying him of his selection for a GS-14 Program Manager (Watch Commander) position that his retirement coverage in that position would be "Secondary CBPO Enhanced," and he accepted the position based on this statement.[5] PFR File, Tab 1 at 6; IAF, Tab 17 at 23. Regardless of whether the appellant accepted that position, he would have been ineligible for enhanced CBPO retirement benefits because he did not transfer directly from a CBPO primary covered position to a CBPO secondary covered position in 2008. Thus, even if the appellant accepted the Program Manager (Watch Commander) position based on the erroneous information in the selection letter concerning his retirement coverage, his reliance on that misinformation did not inure to his detriment.

¶13 Therefore, based upon our review of the record, we find that the administrative judge correctly found that the appellant is ineligible for enhanced CBPO retirement benefits.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[5] In his petition for review, the appellant incorrectly identifies the date of the agency's letter as December 3, 2014, and the type of retirement coverage described in the letter as "Enhanced CBP Officer." PFR File, Tab 1 at 6.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.